**SCHNEIDER, Appellant,**

**v.**

**SCHNEIDER, Appellee.**

[Cite as *Schneider v. Schneider* (1992), 83 Ohio App.3d 423.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–03–029.

Decided Nov. 2, 1992.

W. Kenneth Zuk, for appellant.

Michael J. Finney and Clermont County Child Support Enforcement Agency, for appellee.

WALSH, Judge.

Plaintiff-appellant, Terry Lee Schneider, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, finding him liable for delinquent child support payments.

The record indicates that appellant and defendant-appellee, Christina B. Schneider, were divorced in 1981. Appellee was granted custody of the parties' only child and appellant was ordered to pay $20 per week in child support. That amount was later increased to $50 per week. Pursuant to the divorce decree, appellee was ordered to sell the marital residence and divide the proceeds equally with appellant.

Appellant became delinquent in his child support obligations and on January 18, 1989, appellee filed a motion for contempt. Then, on March 28, 1989, appellant also filed a motion for contempt, claiming that appellee had not complied with the court's order to sell the marital residence and divide the proceeds.

Appellee subsequently did sell the residence for $27,000. She received a down payment of $2,907 and a received a note for the balance, payable in monthly installments of $212.30.

Following a hearing on the motions for contempt, the referee filed his report on September 6, 1989. The referee found appellant in contempt for failing to meet his child support obligations and determined the arrearage to be $9,591.63 as of July 11, 1989. The referee also found that appellant was entitled to one half of the proceeds from the sale of the marital residence. The referee recommended that appellee be ordered to pay appellant $1,453.50, representing one half of the down payment for the residence. He also recommended that she be ordered to pay one half of each monthly payment on the note, a sum of $106.15, directly to the Clermont County Child Support Enforcement Agency ("CSEA") to be credited to appellant's child support arrearage.

After a hearing on objections to the referee's report, the trial court adopted the report and filed its entry on May 30, 1990. The portion of that entry relevant to the instant appeal provides as follows:

"Since the mortgagor of the real estate is paying the monthly mortgage payment to defendant, it shall be defendant's obligation to pay that one half of the net monthly mortgage payment to the Clermont County Child Support Enforcement Agency, as this Court cannot alter the terms of the agreement between defendant and a third party. The failure of defendant to make said payments will constitute contempt of court."

This court affirmed the trial court's decision in *Schneider v. Schneider* (Dec. 24, 1990), Clermont App. No. CA90–06–053, unreported, 1990 WL 210837.

Following the appeal, neither appellant nor appellee made payments to CSEA. On April 8, 1991, CSEA filed a motion for contempt against appellant. A hearing was conducted before a referee on September 5, 1991. The evidence indicated that the child support arrearage was approximately $14,000 and that the child had been emancipated on August 5, 1991. The referee found appellant to be liable for the amount of the arrearage accruing after the May 30, 1990 entry. It found the amount of the arrearage arising prior to that order to be terminated by the entry's provisions concerning the mortgage payments.

Following a hearing on objections, the trial court adopted the referee's report in part and overruled it in part. The court found that none of the arrearage had been terminated by the May 30, 1990 order and that therefore appellant was liable for the entire amount of the arrearage. The trial court's judgment entry was filed March 3, 1992.

Appellant brings the instant appeal, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in refusing to find its prior entry valid.

"Assignment of Error No. 2:

"The trial court erred in not granting a set-off against the arrearage in accordance with a prior judgment of its own."

In both assignments of error, appellant contends that the trial court erred in failing to implement the May 30, 1990 entry. We will address appellant's assignments of error together.

As appellee concedes, the May 30, 1990 entry was a valid order of the court. It was properly entered by the trial court and affirmed on appeal. Pursuant to the "law of the case" doctrine, the decision of a reviewing court in a case remains the law of that case on a legal question involved for all subsequent proceedings in the case at both the trial and appellate levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. As such, the trial court was bound to recognize the validity of its prior order. *Id.*

Thus, we are faced with the question of determining the effect of the May 30, 1990 entry. Appellant argues that his child support arrearage should have been reduced by the amount that appellee was ordered to pay CSEA in conjunction with the sale of the marital residence. We find appellant's argument to be persuasive with respect to the amount of the arrearage accrued as of May 30, 1990. In ordering appellee to pay appellant's portion of the mortgage payments directly to CSEA, the court placed the funds beyond appellant's control and explicitly made appellee the obligor with respect to those payments. The court specifically ordered appellee to make the payments directly to CSEA until the arrearage was paid. A finding that appellant is still obligated for the entire amount of the arrearage would in effect require appellant to pay the obligation twice. He would lose the benefit of the mortgage payments owed to him pursuant to the May 30, 1990 entry and would be obligated to pay the entire arrearage pursuant to the March 3, 1992 judgment. We cannot sanction such a result in light of the provisions of the May 30, 1990 entry.

Appellee argues that the May 30, 1990 entry merely specifies a method of paying the arrearage and does not alter the nature of appellant's obligation to pay the arrearage. We do not agree. While the entry did not explicitly relieve appellant of the obligation, the manner in which the court structured the payments effectively dictated such a result. As noted above, appellee was required to make the payments directly to CSEA, and the court did not provide that appellant was to make the payments should appellee fail to do so. Indeed, such a scheme would require appellant to undertake a rather burdensome monitoring of the payments made to CSEA by appellee in order to determine his obligation for the arrearage. The language of the order simply does not contemplate such a scheme.

However, even though appellant was entitled to a setoff for the arrearage accrued as of May 30, 1990, he was not entitled to a setoff for the arrearage accrued after that date. The entry of the trial court specified that appellee was to apply appellant's share of the mortgage payment to appellant's *arrearage*. It did not order that such payments would also be applied to appellant's regular child support obligations incurred after the date of that order. At the time of the entry, there was no arrearage as to those future payments, and there is no indication that the trial court intended for appellant to cease the payments and to incur future arrearages with respect to his child support obligations. Rather, the court's entry was an equitable resolution of the problem posed by both parties having violated prior orders and was an attempt to rectify the effects of those violations.

In sum, we find that the trial court erred in not allowing a setoff for the arrearage accrued as of the May 30, 1990 entry. CSEA has not demonstrated any hardship in being obligated to seek the funds from appellee and has not demonstrated that the May 30, 1990 entry is otherwise improper. As such, we find appellant's assignments of error to be well taken. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

I vigorously dissent. Appellant has both failed and refused to support his child since 1981, in violation of both Ohio law and the trial court's former orders. Appellant has been found in contempt on five separate occasions while the taxpayers of Clermont County have supported his child. Appellant obviously believes his responsibility of support was eliminated, and became, instead, the responsibility of the county when appellee failed to sell the marital real estate and divide the proceeds. The record indicates, however, that appellant was grossly delinquent on his support payments in 1989 when appellee finally sold the real estate, kept the entire down payment for herself, and began collecting mortgage payments on the balance.

CSEA entered the fray when appellant sought an order holding appellee in contempt. At that time, appellant owed $9,591.63 in delinquent support. The trial court, recognizing both appellee's failure to comply with the divorce decree with respect to the division of property and the large amount appellant owed

CSEA, ordered appellee to pay one half of each mortgage payment to CSEA to be applied to appellant's delinquent support payments.

We previously found that appellee's appeal of this order sought to re-open the divorce decree with respect to the division of property and marital debts and affirmed upon a determination that the trial court had no authority to re-open the divorce on the issue of marital debts. *Schneider v. Schneider* (Dec. 24, 1990), Clermont App. No. CA90-06-053, unreported, 1990 WL 210837.

During the following months, appellee failed to pay one half of the mortgage payments to CSEA. Appellant continued his contemptuous conduct by not supporting the child, and CSEA continued to provide support until the child was emancipated and appellant's delinquent support totaled over $14,000.

The trial court recognized the validity of its prior order which simply did not constitute a "setoff." In essence, the majority has determined that appellant has paid his obligation to the county for any arrearage owed prior to May 30, 1990. It is not, as the majority observes, a question of whether appellant has paid "twice"—he hasn't even paid once. The trial court's prior order does not amount to a setoff of appellant's existing arrearage nor does it relieve appellant of his support obligation. It merely ordered appellee to directly pay appellant's half of the monthly mortgage payments to CSEA.

I believe our decision improperly rewards appellant for his blatant refusal to pay child support. The trial court did not abuse its discretion and I would accordingly affirm the decision rendered below.