**ALSIDE SUPPLY COMPANY, Appellee and Cross–Appellant,**

v.

**WAGER, Appellant and Cross–Appellee.**

[Cite as *Alside Supply Co. v. Wager* (1993), 89 Ohio App.3d 539.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62550.

Decided Aug. 23, 1993.

**540**

*Glenn E. Forbes,* for appellee and cross-appellant.

*John P. Lutseck,* for appellant and cross-appellee.

NAHRA, Presiding Judge.

Defendant-appellant, Albert Wager, is appealing the trial court's grant of summary judgment in favor of plaintiff-appellee, Alside Supply Company ("Alside"). Appellant, the sole shareholder of Capitol Aluminum Corporation ("Capitol"), contends that there are genuine issues of fact and that the trial court erred as a matter of law in holding appellant liable for Capitol's debt to appellee. Appellee asserts on cross-appeal, that the trial court erred in failing to award interest. For the following reasons, we affirm the judgment of the trial court, as modified.

The following facts are taken from Wager's deposition testimony, and are uncontradicted. Wager was the sole shareholder and president of Capitol. Wager was not sure if he was a director. He may have appointed his brother a director, if such was required. No directors' or shareholders' meetings were held. Wager made all the decisions and had complete control of the corporation.

No corporate record book was maintained. The corporation was capitalized with $500. On occasion, Wager had to lend his personal funds to the corporation.

In the summer of 1981, Capitol was experiencing financial difficulties. At that time, Capitol ordered goods in the amount of $7,689.33 from Alside. Capitol ceased doing business at the end of the summer of 1981.

When the corporation ceased doing business, Wager had Capitol's only asset of value, a Jaguar automobile valued at $9,003, transferred to himself. The transfer was in payment of Wager's loans to the corporation. On November 25, 1983, the state of Ohio cancelled Capitol's corporate franchise for failure to pay franchise tax.

On December 14, 1982, Alside obtained a judgment against Capitol for the unpaid balance on account. Capitol had no assets, so Alside filed suit against Wager. The trial court granted summary judgment against Wager in the amount of $7,689.33.

I

Appellant's first and second assignments of error, which will be addressed together, state:

"I. The trial court erred in granting summary judgment in favor of plaintiff.

"II. The trial court erred in failing to grant defendant's motion for summary judgment."

In order to prevail upon a motion for summary judgment, the moving party must demonstrate the absence of material facts and that it is entitled to judgment as a matter of law. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. The facts upon which the trial court reached its decision are uncontroverted. Therefore, we must decide if the court was correct as a matter of law in piercing the corporate veil.

Corporate officers can be held liable for debts of the corporation entered into *after* the cancellation of the corporate franchise. *Nabakowski v. 5400 Corp.* (1986), 29 Ohio App.3d 82, 29 OBR 92, 503 N.E.2d 218. The subject debt arose before the cancellation of Capitol's franchise, so appellant cannot be held liable on this theory.

■ The corporate fiction should be disregarded and its shareholders held liable, if " * * * (1) domination and control over the corporation by those to be held liable is so complete that the corporation has no separate mind, will, or existence of its own;  (2) that domination and control was used to commit fraud or wrong or other dishonest or unjust act;  and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.  * * * " (Footnote omitted.) *Bucyrus–Erie Co. v. Gen. Prod. Corp.,* (C.A.6, 1981), 643 F.2d 413, 418.  See *Allied Pipe Prod., Inc. v. Petina* (Jan. 14, 1988), Cuyahoga App. No. 52844, unreported, 1988 WL 3741; *Ohio Bur. of Workers' Comp. v. Widenmeyer Elec. Co.* (1991), 72 Ohio App.3d 100, 593 N.E.2d 468.

The first prong of the test is satisfied here because appellant had complete control of the corporation, corporate formalities were not observed and the corporation was undercapitalized.  *Bucyrus–Erie;  Widenmeyer Elec.*

■ The second prong of the test does not require perpetuation of a fraud, only that injustice or unfairness results from maintaining the corporate fiction. *Bucyrus–Erie;  LeRoux's Billyle Supper Club v. Ma* (1991), 77 Ohio App.3d 417, 602 N.E.2d 685.  Here, the domination and control was used to commit unjust acts.  Wager continued to make credit purchases from Alside, although Capitol was insolvent.  See *Crownover Lumber Co. v. Heath Pallet Co.* (May 20, 1985), Vinton App. No. 414, unreported, 1985 WL 11136; *Pioneer Heating & Air Conditioning, Inc. v. Elbert* (June 3, 1987), Lorain App. No. 4027, unreported, 1987 WL 12111.  Appellant violated his duty to creditors by transferring the automobile to himself.  See *Crownover Lumber.*  If appellant was a director of Capitol, he would be liable for the transfer under R.C. 1701.95.  Additionally, the undercapitalization worked an injustice on the creditors.  *Pioneer Heating.*

■ The third prong of the *Bucyrus–Erie* test is also met because Alside suffered an unjust loss of the money due on Capitol's account because of the domination and control and wrongful acts of Wager.  The trial court was correct in holding Wager liable for the debts of the corporation.  The trial court properly granted summary judgment in favor of Alside and denied summary judgment in favor of Wager.

Accordingly, these assignments of error are overruled.

## II

■ Appellee's cross-assignment of error states:

"The trial court erred in failing to award interest to plaintiff-appellee below."

R.C. 1343.03(A) provides in pertinent part:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, [and] upon all verbal contracts entered into, * * * the creditor is entitled to interest at the rate of ten per cent per annum * * *."

When the amount of the debt is clear, but liability for the debt is disputed, interest runs on the debt from the time it was due and payable, as eventually found by the court. *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 22 O.O.3d 47, 426 N.E.2d 526.

■ This case involves a debt on an account, the amount of which was not in dispute. Therefore, Alside is entitled to interest pursuant to R.C. 1343.03(A), from the time the debt was due and payable, as determined by the trial court.

■ When the corporate veil is pierced, the shareholder is liable for interest on the corporate debt, because the shareholder assumes the position of the corporation. *Bucyrus–Erie, supra*, 643 F.2d at 421. Thus, Wager is liable for interest here.

Accordingly, the cross-assignment of error is sustained.

The decision of the trial court is affirmed, as modified, and the cause is remanded for proceedings in accordance with this opinion.

*Judgment accordingly.*

KRUPANSKY and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.