OPINION
Plaintiff-appellant, Earl Dean Ingles, appeals a judgment of the Common Pleas Court of Madison County in which defendant-appellee, Patricia Ann Ingles, was awarded judgment against appellant in the amount of $6,640 plus costs and statutory interest from the date of entry of judgment.
The parties' divorce decree has been previously appealed to this court. Ingles v. Ingles (Feb. 18, 1997), Madison App. No. CA96-07-029, unreported (hereinafter "Ingles I"). The parties were married on February 10, 1961. Appellant filed for divorce on April 5, 1995. The matter was heard by a magistrate who made recommendations to which appellant objected. On February 7, 1996, the trial court issued a decision on "Plaintiff's objection to the Magistrate's Report." The trial court found, inter alia, that appellant's retirement was acquired through his employment during the parties' thirty-four year marriage. The court then noted that the magistrate had found that appellant's total receipts from his pension plan were $9,144 annually or $762 per month and that the magistrate had awarded appellee $355 per month from that amount as a division of marital property. The trial court noted that the magistrate had determined that "the monthly payment to defendant constitutes spousal support," but stated that "it actually constitutes defendant's allocate share of plaintiff's marital asset pension."
In a "Judgment Entry Approving Referee's Report and Decision and Entry of the Court" the trial court, inter alia, determined it had jurisdiction; granted the appellant a divorce; and specifically provided:
 That defendant-wife be awarded $355.00 per month as her allocated share of plaintiff's marital asset pension as a properly denominated division of property, and that said amount be paid to defendant-wife directly from the GMC pension benefits to take effect immediately date of Entry of Referee being November 2, 1995, and to the extent possible that defendant-wife be named as a vested party to said GMC Plan.
This decision was entered on June 21, 1996.
Appellant appealed that judgment entry to this court in Ingles I. Appellant argued that the trial court had erred in awarding appellee property division of $355 per month. Appellant also argued that if the $355 per month was more properly considered spousal support than property division, the trial court erred in awarding that amount of spousal support. Appellant never argued that the divorce decree was void or voidable or unenforceable on any ground.
This court found that appellant's entire pension had been earned during the marriage and was marital property subject to division under R.C. 3105.171. Ingles I at 3. We then found that the court's division of this property (awarding approximately fifty-three percent to appellant and forty-seven percent to appellee) was within the trial court's discretion. We also found that the award was not spousal support. We found that "[t]he record in this case clearly indicates that the trial court chose to equitably divide the General Motors pension between the parties by ordering appellant to pay appellee $355 per month." Id. at 3-4 (emphasis added).
Following this court's complete affirmance of the trial court's judgment, appellant did not pay appellee the $355 per month ordered. Appellee then moved the trial court to reduce the arrearage to judgment. A magistrate heard the matter on September 11, 1997. Appellant acknowledged that he had not paid the $355 per month ordered as a division of property, nor had he paid appellee $350 ordered as partial reimbursement for attorney fees.
Appellant argued that the June 21, 1996 entry was a "void" judgment. Appellant maintained that it contained only findings and did not contain language such as "it is ordered" or "therefore ordered adjudged and decreed." The referee noted appellant's objections and found that the "6/21/96 document was in fact an entry and that the appellant had failed to comply with the monthly payment and attorneys fee order." The magistrate noted that the issue of whether the "entry" was sufficient to constitute a judgment had not been raised on appeal. The magistrate recommended that appellee be granted a lump sum judgment against appellant in the amount of $6,290, representing eighteen months' arrearage and $350 for the attorneys fees. The magistrate also recommended that appellant "should complete the paperwork to effectuate the $355.00 monthly payment directly from the GMC pension."
Appellant objected to the magistrate's recommendations. Appellant again argued that the June 21, 1996 entry was a "void" judgment. In an entry filed on October 2, 1997, the trial court overruled appellant's objections, stating:
 On June 21, 1996, the court signed a purported journal entry "Approving Referee's Report and Decision and Entry of the Court." Although not artfully drawn, it constitutes a final decree of divorce by its terms. Indeed, plaintiff appealed the decree to the Twelfth District Court of Appeals. That court found that "The trial court issued a final divorce decree * * * in which it terminated the parties' marriage and divided the marital assets and liabilities." The Court of Appeals affirmed the trial court's judgment.
The trial court found that the judgment was not void and entered judgment against appellant in the amount recommended.
In a single assignment of error, appellant states that "the trial court erred to the prejudice of appellant in enforcing a void judgment." Appellant points to the language "to the extent possible" regarding direct payment by GMC and asserts that this renders the judgment itself void for lack of certainty. The certainty of the judgment is an issue which could have been raised in the prior appeal to this court. As such, appellant's argument is precluded by the law of the case doctrine. Briefly, that doctrine provides that a decision of a reviewing court in a case remains the law of that case on the legal issues involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1; Schneider v. Schneider (1992), 83 Ohio App.3d 423. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. Nolan at 3.
This court previously reviewed the divorce decree, implicitly determined that it was a valid decree, and explicitly determined that it "ordered appellant to pay appellee her annual share of the General Motors pension." Despite the trial court's admission of inartful drafting, the litigation of the underlying issues in Ingles I makes it abundantly clear that appellant understood and contested what was ordered by the trial court.
Because the decree was affirmed by this court, its validity is established under the law of the case. Even were we to re-examine the decree, we would not find it to be void or voidable. The language "to the extent possible" only addresses whether the appellee could be named as a vested party to the GMC plan. It does not modify appellant's underlying obligation to pay appellee $355 per month as her share of the pension. That pension was and is marital property expressly divided between the parties by the terms of the divorce decree as affirmed by this court. The trial court correctly found that the decree was a valid order and correctly entered judgment on the arrearage. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.