FIRST BANK OF MARIETTA, Appellant,

v.

ROSLOVIC & PARTNERS, INC., Appellee.

[Cite as *First Bank of Marietta v. Roslovic & Partners, Inc.* (2000), 138 Ohio App.3d 533.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 99AP–1189 and 99AP–1338.

Decided July 25, 2000.

534

*Hall Law Firm, Charles D. Hall III* and *Rosemarie A. Hall,* for appellant.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby,* for appellee.

*Kegler, Brown, Hill & Ritter* and *Gene W. Holliker, pro se.*

---

GEORGE, Judge.

This appeal is a consolidation of two cases. The first case involves an assignment of accounts receivable made by Mascrete, Inc. to plaintiff-appellant, First Bank of Marietta ("First Bank"), pursuant to R.C. 1309.37. Financing was needed by Mascrete to work as the concrete subcontractor under two separate contracts with defendant-appellee, Roslovic & Partners, Inc. ("Roslovic").

After a seven-day trial and post-hearing briefs, the trial court entered judgment in favor of Roslovic and against First Bank. First Bank appealed and this court affirmed that judgment. *First Bank of Marietta v. Roslovic & Partners, Inc.,* (Apr. 21, 1998), Franklin App. No. 97APE09–1199, unreported, 1998 WL 195670. First Bank took a further appeal to the Supreme Court of Ohio, and the court, in *First Bank of Marietta v. Roslovic & Partners, Inc.* (1999), 86 Ohio St.3d 116, 712 N.E.2d 703, reversed both this court and the trial court. The Supreme Court held that Roslovic's payments of $159,972.22 to Mascrete violated the terms of Mascrete's assignment of its accounts receivable to First Bank and that First Bank was entitled to judgment against Roslovic in that amount. The court reasoned that Roslovic, after receiving proper notice of Mascrete's assignment to First Bank as provided in R.C. 1309.37(C), continued to make payments directly to Mascrete in violation of the assignment. Roslovic was, therefore, liable to First Bank for such wrongful payments.

The Supreme Court subsequently issued a mandate to this court to direct the trial court to enter judgment for First Bank against Roslovic and to carry this judgment into execution. Upon receipt of the Supreme Court's mandate, this court forwarded its own mandate to the trial court directing the trial court to issue a judgment consistent with the Supreme Court's decision and order.

There was no dispute before the Supreme Court as to the amount of the payments made, *i.e.*, $159,972.22. The court held that "payments made directly to Roslovic [*sic*, Mascrete] were in violation of the assignment because they were not made in accordance with the claims exception contained in the contract." *Id.* at 119, 712 N.E.2d at 706. Finally, the Supreme Court concluded: "Roslovic is therefore liable to First Bank for the sums paid to Mascrete, as those payments violated the terms of the assignment executed between Mascrete and First Bank." *Id.*

The second of the two consolidated cases involves a claim for a charging lien by attorney Gene W. Holliker of Kegler, Brown, Hill & Ritter. After the first case was remanded to the trial court following the issuance of the Supreme Court's mandate therein, Holliker filed a motion in the first case seeking a charging lien for attorney fees and expenses he claimed were owed to him by First Bank for his services in the first case. Specifically, Holliker asserts that his representation of First Bank included filing the action, taking seven depositions, preparing for trial, and trying the case. Holliker alleges that he withdrew from further representation of First Bank for nonpayment of attorney fees. First Bank counters that Holliker was discharged.

The trial court issued judgment entries with respect to both cases. The judgment entry in the first case provides:

"Pursuant to the mandate of the Ohio Supreme Court of July 28, 1999, and the other findings of fact and conclusions of law issued by this Court through its Judgment Entry filed herein on August 12, 1997, which findings and conclusions were not appealed to or considered by the Supreme Court, judgment is hereby entered in favor of Plaintiff, First Bank of Marietta, against Defendant, Roslovic & Partners, Inc., in the amount of $94,621.81 with judgment interest from the date of this judgment.

"As to costs, the motion of Defendant, Roslovic & Partners, Inc. to assess $16,696.40 in costs and sanctions against Plaintiff, First Bank of Marietta, is hereby granted and judgment is entered in favor of Roslovic & Partners, Inc., against First Bank of Marietta in that amount with judgment interest from the date of this judgment. All other costs are to be paid by the party incurring those costs."

The judgment entry in the second case provides:

"[O]rders that there is a charging lien of $36,249.42 for unpaid attorney's fees and expenses and $10,605.57 for statutory interest, for a total of $46,854.99, in favor of Gene W. Holliker on the judgment Roslovic owes to First Bank.

"The Court further orders that the charging lien be enforced and orders that Roslovic pay $46,854.99 directly to Gene W. Holliker and subtract that amount from the amount of the judgment owed by Roslovic to First Bank."

First Bank has appealed from both judgments. In case No. 99AP–1338, First Bank has assigned five errors:

"I. The trial court abused its discretion and its decision was contrary to law in entering a final judgment entry in favor of appellant, First Bank of Marietta and against appellee, Roslovic & Partners, in the amount of $94,621.81 with no explanation, rationale, or reasoning of why that figure was less than the undisputed amount of $159,972.22 paid in violation of the assignment as previously determined by the Ohio Supreme Court.

"II. The trial court abused its discretion in allowing a $20,000.00 set–off from the judgment in favor of appellant First Bank of Marietta when the $20,000.00 was an award for damages and as punishment for a contempt finding against appellee, Roslovic & Partners in the Washington County Court of Common Pleas.

"III. The trial court abused its discretion in off–setting and deducting $45,350.41 from the judgment entry in favor of appellant, First Bank of Marietta, when this amount represents an award of damages against a third party, Mascrete, Inc., who was an additional defendant in the lawsuit.

"IV. The trial court abused its discretion and denied appellant due process in awarding costs and sanctions in favor of appellee and the trial court's decision is contrary to law.

"V. The trial court's judgment entry awarding judgment interest from the date of the filing of the entry on October 25, 1999, rather than from the dates of the improper payments due under the assignment is an abuse of discretion and contrary to law."

In its first assignment of error, First Bank contends that the trial court abused its discretion in failing to enter the judgment mandated by the Supreme Court, but, instead, reduced that judgment for setoffs claimed by Roslovic.

An "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. The trial court enjoys a "large measure of discretion to determine the sufficiency of the evidence, the credibility of the witnesses and the weight to be given to the testimony." *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 116, 546 N.E.2d 950, 964. A reviewing court cannot affirm a trial court's exercise of discretion when it lacks an evidentiary foundation.

R.C. 1309.37(A) defenses against assignee; modification of contract after notification of assignment; term prohibiting assignment ineffective; identification and proof of assignment provides:

"(A) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in section 1309.17 of the Revised Code, the rights of an assignee are subject to:

"(1) all the terms of the contract between the account debtor and assignor and any defense of claim arising therefrom; and

"(2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

Amounts due from the contractor (account debtor), to the subcontractor (assignor), are subject to any legitimate claims and defenses existing between them. Therefore, an assignee, such as First Bank, takes the assignment subject to those claims and defenses; however, should any adjustments be disputed, evidence must first be presented to establish their validity and amount. First Bank's assignment is subject to any legitimate adjustments Roslovic may be entitled to under its contract with Mascrete. R.C. 1309.37.

A mandate is not a mere suggestion or request, it is a command or order which the issuing court has authority to give, and the receiving court is bound to obey. It directs what action is to be taken. The Supreme Court reversed this court and issued its mandate that judgment was to be rendered in favor of First Bank. This court then, in compliance with the Supreme Court's mandate, directed the trial court to issue a judgment consistent with the Supreme Court's decision.

Upon remand to the trial court, Roslovic had the status of a judgment debtor; it claimed that it was entitled to certain credits and setoffs from the monetary judgment to be entered pursuant to the Supreme Court's mandate. The trial court deducted certain of Roslovic's claimed setoffs amounting to $65,350.41, reducing the judgment to $94,621.82.

While it is clear that the trial court is required "to adhere to the appellate court's determination of the applicable law," and has no discretion to vary from an appellate court's mandate, this does not mean that the trial court cannot hear and determine facts that, as a result of the mandate, require resolution. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 3, 462 N.E.2d 410, 413. Here, the factual findings of the amount of credits, setoffs, costs, and sanctions to be credited to Roslovic became ripe for decision once judgment was to be rendered in favor of First Bank against Roslovic.

First Bank argues that Roslovic is not entitled to any adjustment or setoffs because it never preserved these issues throughout the appellate process. Roslovic responds that it had no reason to argue to the Supreme Court its entitlement to adjustments and setoffs because it owed First Bank nothing throughout the appellate process until the Supreme Court rendered its decision. The record reveals that Roslovic raised its entitlement to adjustments and setoffs in its answer; however, Roslovic is correct that the issue was never considered by any court until after this matter was remanded to the trial court following the issuance of the Supreme Court's mandate.

Roslovic further argues that the Supreme Court did not "give First Bank a judgment for $159,972.20." Rather, the court "issued a judgment directing the trial court to 'carry this judgment into execution.'" The reasoning of the Supreme Court's decision makes it clear that judgment was being mandated to be entered for First Bank against Roslovic for $159,972.22; however, whether certain adjustments and credits were due Roslovic was a question of fact to be determined after the submission of evidence.

Upon remand, the trial court was required to determine whether additional evidence was needed to follow the mandate. Had the trial court entered its decision for First Bank for $159,972.22 without giving any credits, setoffs, costs, or sanctions, the entry would have been in compliance with the mandate and additional evidence would not have been required.

■ The doctrine of law of the case provides that "the decision of a reviewing court in a case remains the law of that case on a legal question involved for all subsequent proceedings in the case at both the trial and appellate levels." *Schneider v. Schneider* (1992), 83 Ohio App.3d 423, 426, 615 N.E.2d 244, 246. Here, the Supreme Court determined that $159,972,22 was wrongfully paid by Roslovic in violation of First Bank's assignment. This is the law of this case and became the starting point for the trial court upon remand. The trial court then went on and granted Roslovic credits, setoffs, costs, and sanctions on the basis that First Bank was entitled only to what Roslovic owed Mascrete under the assigned contracts. R.C. 1309.37. However, these deductions from First Bank's judgment were made without any additional evidence being presented.

■ Factual allegations of credits, setoffs and sanctions cannot be established without producing materials of an evidentiary quality that support such claims. Without evidence, the trial court has no basis upon which it can determine what, if any, amount may be credited or setoff and what costs or sanctions are reasonable. It was an abuse of discretion for the trial court to make any adjustments to the amount wrongfully paid out when such adjustments were not supported by the evidence in the record.

First Bank's first assignment of error is sustained.

In its second assignment of error, First Bank argues that the trial court erred in deducting a $20,000 damages and contempt award from the amount improperly paid by Roslovic to Mascrete.

First Bank brought a garnishment action in Washington County Common Pleas Court against Roslovic for funds owed to Mascrete. Roslovic refused to honor that garnishment, and that court held Roslovic in contempt and sanctioned it $20,000. Roslovic appealed that judgment; it was affirmed on appeal. *First Bank of Marietta v. Mascrete, Inc.* (1998), 125 Ohio App.3d 257, 708 N.E.2d 262. Roslovic then paid the $20,000 to First Bank to satisfy that judgment.

Roslovic then asked the trial court in this matter to give it credit for the contempt sanction of $20,000 arising out of that garnishment proceeding imposed by the Washington County Common Pleas Court. Roslovic did pay the $20,000 to First Bank to satisfy that judgment. First, it is not apparent from the record whether this sanction is an appropriate credit to be made against this assignment or whether it is a separate claim to be made. Second, there is nothing in the record to support the trial court's award or a $20,000 credit to Roslovic. Granting this credit to Roslovic was an abuse of discretion.

First Bank's second assignment of error is sustained.

In its third assignment of error, First Bank argues that the trial court abused its discretion in deducting $45,350.41 from the amount improperly paid by Roslovic to Mascrete.

On August 12, 1997, the trial court rendered a final judgment entry, which provides:

"* * * Judgment in the amount of $45,350.41 is entered in favor of plaintiff-appellee, Roslovic & Partners, Inc. ('Roslovic'), against defendant, Mascrete, Inc. ('Mascrete') with interest at the rate of 10% per annum from the date of entry of this Judgment[.]"

Although the trial court entered this judgment, there was no claim made or evidence presented in support thereof. Roslovic never made a claim for setoff from funds that it owed First Bank and no evidentiary hearing was ever held. Therefore, the record does not support a credit of $45,350.41 to Roslovic against the judgment due First Bank. The trial court abused its discretion by granting a setoff in that amount without taking evidence to support Roslovic's claim.

First Bank's third assignment of error is sustained.

In its fourth assignment of error, First Bank argues that the trial court's award of costs and sanctions in favor of Roslovic denied it due process of law.

Early on in this litigation, Roslovic filed a motion for costs and sanctions in the trial court based on frivolous conduct under R.C. 2323.51. First Bank asked to be heard regarding Roslovic's motion for costs and sanctions pursuant to Civ.R. 54(D) and R.C. 2323.51. However, the trial court stayed the motion pending the first appeal of this matter, stating that the motion may be renewed once jurisdiction is returned to the trial court.

Absent from the record is any request to renew the motion. Nevertheless, on remand, the trial court, *sua sponte,* awarded Roslovic $16,696.40 in costs and sanctions against First Bank. The record is devoid of any removal of the stay, motion to renew the motion for costs and sanctions, or any evidence supporting Roslovic's entitlement to such a credit. Additionally, First Bank was not given an opportunity to defend against the award of costs and sanctions. Accordingly, the trial court abused its discretion in making the award. R.C. 2323.51(B)(2).

First Bank's fourth assignment of error is sustained.

In its fifth assignment of error, First Bank argues that the trial court abused its discretion in awarding interest on the judgment from the date of the filing of the entry on October 25, 1999, rather than from the date of Roslovic's improper payments to Mascrete.

Roslovic's obligation to First Bank stems from an assignment First Bank received from Mascrete. Roslovic had two contracts with Mascrete, a concrete subcontractor, for two separate projects. Mascrete assigned "all money due, or to become due" to First Bank. *First Bank,* 86 Ohio St.3d at 117, 712 N.E.2d at 704. Thus, First Bank became entitled to any amounts Roslovic owed Mascrete. Roslovic was properly notified of the assignment, yet, in July 1994, it issued two checks to Mascrete, totaling $159,972.22, so that Mascrete could pay its laborers. The Supreme Court of Ohio held that these payments violated the assignment and that judgment should be entered against Roslovic for that amount.

R.C. 1343.03(A) provides:

"[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."

An assignor can take no more than the assignee is entitled to from the account debtor. The contracts assigned control. What is owed between an assignor (Mascrete) and an account debtor (Roslovic) is not necessarily the same as what the assignor or the account debtor may owe the assignee (First Bank). An

assignor's liability to its account debtor may be more or less than the liability of an assignor to its assignee (First Bank).

The mandate issued in this case clearly sets out that the $159,972.22 was wrongfully paid by Roslovic to Mascrete. Roslovic was therefore liable to First Bank for that amount and, pursuant to R.C. 1343.03(A), interest accrues from the date the amount became due and payable. Here, the checks were issued in July 1994, and that is the date $159,972.22 became due and payable. Therefore, interest on the $159,972.22 began to run from July 1994. *Alside Supply Co. v. Wager* (1993), 89 Ohio App.3d 539, 543, 625 N.E.2d 647, 650. The amount of the checks representing the amount of the debt has never been disputed.

Roslovic argues, however, that the amount due and payable under the assignment was not ascertainable until the matter had been fully litigated. However, the Supreme Court settled this matter, stating:

"* * * Roslovic made payments in the amount of $159,972.22 directly and solely to Mascrete after having received proper notice of the assignment to First Bank. * * * [T]he payments made directly to Roslovic were in violation of the assignment * * *." *First Bank*, 86 Ohio St.3d at 119, 712 N.E.2d at 706.

R.C. 1309.37 and case law hold that Roslovic, as an account debtor, is liable to First Bank, as assignee, for payments made to Mascrete, an assignor, after Roslovic received sufficient notice of the assignment. "Roslovic is therefore liable to First Bank for the sums paid to Mascrete, as those payments violated the terms of the assignment executed between Mascrete and First Bank." *Id.*

The trial court granted Roslovic a setoff of $45,350.41 which is the amount of the judgment granted to Roslovic against Mascrete. Upon remand, should the trial court decide that the $45,350.41, or any portion thereof, is related to the assignment from Mascrete to First Bank, it may then make an appropriate deduction from the $159,972.22 consistent with its finding. Interest should then be reduced by the amount of the court's finding from the date that Roslovic received a judgment against Mascrete.

It was an abuse of discretion for the trial court to order statutory interest from the date of its most recent judgment instead of the date that the $159,972.22 became due and payable. First Bank is entitled to have interest calculated, at the statutory rate of ten percent per annum, from the date the checks were issued. First Bank's fifth assignment of error is sustained.

In case No. 99AP–1189, First Bank has assigned the following three errors:

"I. The trial court erred as a matter of law and its findings [are] contrary to the weight of the evidence and an abuse of discretion in granting a charging lien and equitable assignment in favor of a former law firm and against a monetary judgment entered in favor of the law firm's former client without conducting any

evidentiary hearing, receiving any evidence or testimony to determine the validity of the asserted charging lien or the claims or defense of the client against the charging lien and equitable assignment.

"II. The trial court erred as a matter of law and its finding is contrary to the weight of the evidence and an abuse of discretion when the trial court improperly determined and awarded the amount of a claim for a charging lien and equitable assignment of a judgment without having any evidence in the record to support the claims for the charging lien and equipment assignment.

"III. The trial court erred as a matter of law and its finding is contrary to the weight of the evidence and an abuse of discretion when the trial court made a determination and award of attorneys fees and court costs without any evidence or making any findings of reasonableness or necessity commensurate with the services rendered and without conducting an evidentiary hearing upon the question of fees."

These three assignments of error deal with an award of attorney fees and expenses and will, therefore, be discussed together. There is agreement among the parties that the trial court held no hearing and took no evidence concerning the granting of attorney fees to Holliker. Although Holliker's request for attorney fees included invoices and receipts for out-of-pocket expenses, standing alone, these failed to meet the standard of evidentiary quality required to determine rights and liabilities.

First Bank was not afforded a hearing to challenge the fees and expenses. For instance: Did Holliker help to create the fund? Did the fact that First Bank lost, have any adverse affect on the amount of attorney fees owed? Did First Bank have any defenses, counterclaims, or offsets to present regarding what was owed Holliker? Was the time spent by Holliker needed to prosecute First Bank's claim? Was the time charged attributable to this case alone? Was the time documented actual time? Was the work claimed by Holliker to have been done on behalf of First Bank actually done? Were Holliker's fees reasonable?

Holliker sought a charging lien for attorney fees pursuant to the holding in *Cohen v. Goldberger* (1923), 109 Ohio St. 22, 27, 141 N.E. 656, 658, that an attorney "may have a claim upon the fruits of a judgment * * * which he has assisted in obtaining." Here, Holliker claims that he conducted an initial investigation of the case, interviewed witnesses, reviewed voluminous documents, prepared and filed all necessary pleadings, engaged in extensive discovery, prepared the case for trial, and actually tried the case. Based upon these claims, Holliker sought to have the lien satisfied from the proceeds of the judgment that the trial court was mandated to enter in favor of First Bank; however, Holliker did not submit any evidence.

Holliker merely attached invoices to a memorandum in support of his motion describing the legal services and expenses incurred. First Bank opposed the motion, indicating that it disagreed with the amount of fees and expenses owed Holliker. First Bank moved the court to order a separate action be instituted to resolve the dispute or, in the alternative, provide an opportunity to be heard so that there could be a full adjudication of the matter. No separate action was ordered and no hearing was held. The trial court failed to take any evidence, accepted the invoices and granted Holliker's motion for a charging lien in the amount of the invoices. The judgment entry stated:

"[O]rders that there is a charging lien of $36,249.42 for unpaid attorney's fees and expenses and $10,605.57 for statutory interest, for a total of $46,854.99, in favor of Gene W. Holliker on the judgment Roslovic owes to First Bank.

"The Court further orders that the charging lien be enforced and orders that Roslovic pay $46,854.99 directly to Gene W. Holliker and subtract that amount from the amount of the judgment owed by Roslovic to First Bank."

Holliker argues that First Bank failed to specifically state to the trial court why it believed Holliker's claim should not be granted. Therefore, Holliker continues, the trial court was not required to take evidence that would substantiate the reasonableness of his claim. The fact remains, however, that First Bank challenged Holliker's claim and sought an evidentiary hearing. Documents of an evidentiary nature were never presented to the trial court and a hearing was never held.

When a former client challenges the right to attorney fees or disputes the amount of fees claimed, a trial court cannot summarily award attorney fees. The trial court must first make a determination that the attorney fees are reasonable and such determination can only be made through the evidentiary process. *Uebelacker v. Cincom Systems, Inc.* (1992), 80 Ohio App.3d 97, 105, 608 N.E.2d 858, 863–864. The former client is entitled to offer evidence of any credits, counterclaims, or defenses as well as to challenge whether or not the attorney helped to create the monetary judgment. While this may be better accomplished through a separate action, it need not be. Regardless of the procedure used, evidence must be presented and an opportunity to challenge and defend against such a claim must be provided. Under the facts presented here, the trial court's summary award of attorney fees was tantamount to denying First Bank an opportunity to present evidence opposing Holliker's claims. It was an abuse of discretion for the trial court to grant a judgment lien to Holliker for attorney fees without conducting a hearing to determine the reasonableness of those fees.

Holliker further attempts to urge affirmance of the trial court's judgment by demonstrating to this court that his attorney fees are reasonable and necessary. This is a matter to be considered by the trial court and not on appeal. Therefore, the trial court's grant of a judgment lien for attorney fees to Holliker is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

First Bank's three assignments of error in case No. 99AP–1189 are sustained.

As much as this court is disinclined to remand this matter for further consideration, it must do so. The trial court must hold an evidentiary hearing on each of the following issues:

1. Whether the entire $45,350.41 judgment awarded to Roslovic against Mascrete is to be properly credited against what Roslovic owed Mascrete on the contracts for which First Bank became assignor and is, therefore, to be deducted from the $159,972.22 judgment.

2. Whether the $20,000 judgment in Washington County Common Pleas Court represents a payment made to Mascrete that is a part of the $159,972.22 judgment. If it is, it is to be deducted. If it is not, it is to be disregarded in the court's calculation of determining the amount Roslovic owes First Bank.

3. Whether, after a hearing, costs and sanctions against First Bank are appropriate under R.C. 2323.51.

4. Whether Holliker's claim is properly before the court and, if so, after hearing, determine what amount of attorney fees is reasonable.

5. The calculation of interest, pursuant to R.C. 1343.03(A), as of the time the payments and credits were made by Roslovic when the $159,972.22 was due and payable in July 1994.

Having sustained First Bank's five assignments of error in case No. 99AP–1338, and three assignments of error in case No. 99AP–1189, the judgment of the trial court is reversed, and this matter is remanded with instructions to the trial court for further proceedings consistent herewith.

*Judgment reversed and cause
remanded with instructions.*

DESHLER and KENNEDY, JJ., concur.

JOYCE GEORGE, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.