**[Cite as *State v. Daly*, 2022-Ohio-632.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29238 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-734E |
| | : | |
| WILLIAM T. DALY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2022.

. . . . . . . . . . .

PETER R. CERTO, JR., Atty. Reg. No. 0018880, 110 North Main Street, Suite 1200, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

WILLIAM T. DALY, P.O. Box 473672, Charlotte, North Carolina 28247
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} William T. Daly appeals from a judgment of the Municipal Court of Montgomery County, Eastern Division, which, upon remand, allowed the State to amend the complaint pursuant to Crim.R. 7(D) and reaffirmed the court's March 12, 2020 judgment of conviction for violating a protection order, a first-degree misdemeanor. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for the trial court to file an order dismissing the case.

## I. Facts and Procedural History

{¶ 2} Daly is a licensed attorney in Ohio who has been practicing for more than 20 years. In November 2018, he was subject to an ex parte civil protection order issued at the request of S.H. in Montgomery C.P. No. 2018-CV-5086.

{¶ 3} In June 2019, Daly was charged in municipal court with three offenses that all allegedly occurred on November 2, 2018: (1) violating a protection order, (2) falsification, and (3) attempting to solicit improper compensation. Case No. 2019-CRB-608E. On July 30, 2019, the State filed a second complaint, alleging an additional charge of violating a protection order based on Daly's possession of a firearm on November 2, 2018. Case No. 2019-CRB-734E.

{¶ 4} On September 13, 2019, with the consent of the parties, the magistrate conducted a plea and sentencing hearing during which Daly pled no contest to violating a protection order in Case No. 2019-CRB-734E. In exchange for the plea, the charges in Case No. 2019-CRB-608E were dismissed. The magistrate recommended 30 days in jail (all suspended) and ordered Daly to pay a $250 fine and court costs, which totaled $376. The trial court adopted the magistrate's finding of guilt, but it did not address the

sentence.   Both signatures on the decision appeared to have been stamped and initialed by the deputy clerk.

{¶ 5} Daly appealed the trial court's judgment, but we dismissed for lack of jurisdiction.   *State v. Daly*, 2d Dist. Montgomery No. 28568 (Decision & Final Judgment Entry, Dec. 30, 2019) (*Daly I*).   We concluded that the judgment was not final, because the trial court had not imposed sentence.   We further stated that a rubber-stamped signature does not comply with Crim.R. 32(C).

{¶ 6} On March 12, 2020, the trial court issued a final judgment.   In its entry, the court indicated that it had conducted an independent review of the magistrate's recommendation and had reviewed the terms of the plea and the magistrate's sentence. The trial court adopted the magistrate's decision, finding that Daly had pled no contest and was guilty of the charged offense.   As recommended, the court sentenced Daly to 30 days in jail, suspended the 30-day sentence, and ordered him to pay a $250 fine and court costs, for a total of $376.

{¶ 7} Daly appealed from his conviction (2d Dist. Montgomery No. 28764), as well as an order in Case No. 2019-CRB-608E regarding the sealing of that record (2d Dist. Montgomery No. 28741).   We consolidated the cases for appeal.   Although Daly raised seven alleged errors regarding his conviction, we addressed only the fourth assignment of error, which we found to be dispositive.   There, Daly contended that the complaint in Case No. 2019-CRB-734E had been invalid because the charging officer had failed to supply a properly attested to, signed, and sworn jurat.   He claimed that the complaint was not properly executed under Crim.R. 3, because the charging officer's signature was not made upon oath before a person authorized by law to administer oaths.

{¶ 8} On review, we agreed with Daly that the complaint was not properly signed and sworn. *State v. Daly*, 2d Dist. Montgomery Nos. 28741 & 28764, 2021-Ohio-873, ¶ 12 (*Daly II*). We noted that in Case No. 2019-CRB-608E, the complaint bore the stamp "PEACE OFFICER AUTHORIZED TO ADMINISTER OATHS, ORC 2935.081" and a signature, but the complaint in Case No. 2019-CRB-734E had no such stamp or signature of an authorized person. *Id.* Rather, the complaint simply showed that Detective Krueger had signed the complaint on July 30, 2019.

{¶ 9} We further noted, however, that the transcript of the plea hearing suggested that a separate sworn jurat might exist. *Id.* at ¶ 13. Specifically, the magistrate had referred to an "affidavit" in connection with the complaint. Based on this ambiguity in the record, we provided the following instruction to the trial court:

> We believe that the "affidavit" that the magistrate was referring to is actually the complaint in the record before us. But Daly seems to think that it is a separate document not in the record. Because we cannot confidently say one way or the other, we will remand this case for the trial court to determine if there were a properly signed and notarized complaint. If the unsworn complaint in the record is all that exists, as we suspect, the court must find the complaint defective and dismiss the case for lack of jurisdiction, because a jurisdictional defect cannot be waived or consented to. *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 12 ("[T]he state's submission of a valid criminal complaint is a necessary prerequisite for invoking the subject matter jurisdiction of a trial court * * * and [i]f the state files an invalid complaint, there exists a

jurisdictional defect which cannot be waived by the criminal defendant.").

*Id.* at ¶ 14. We therefore reversed the trial court's judgment of conviction and remanded "for further proceedings consistent with this opinion." *Id.* at ¶ 17.

{¶ 10} Approximately one month later, on April 21, 2021, the State filed an amended complaint, which was signed by Detective Krueger and included certification by a notary public that the complaint was "sworn to and subscribed before me by Det. Christina Krueger on the 21 day of April, 2021." Two days later, the State filed a motion to amend the complaint, pursuant to Crim.R. 7(D); attached to the motion was the April 21, 2021 amended complaint. The State argued that the amendment did not alter the substance of the original complaint and Crim.R. 7(D) permitted the amendment to correct the "defect, imperfection, or omission."

{¶ 11} Daly opposed the motion to amend the complaint and filed a motion for sanctions against the prosecutor. Among other arguments, Daly contended that the prosecutor could not amend a complaint that "does not exist, and never has existed" and that a valid complaint was a prerequisite to invoking the trial court's subject matter jurisdiction.

{¶ 12} On July 28, 2021, the trial court granted the State's motion to amend the complaint. After reciting the language of Crim.R. 7(D), the trial court reasoned that the amendment could be made at any time and the proposed amendment did not change the name or identity of the crime. The court further stated:

> The Court also finds the Defendant (Appellant) was never misled or
> prejudiced by the defect that was uncovered as a result of the appeal. The
> Court finds, upon a complete review of this matter as required by the

Second District Court of Appeals, that no failure of justice has resulted in this matter and this Court, upon remand, stands by its previous Final Order.

**{¶ 13}** The same day (July 28), the trial court filed an "amended final judgment entry of conviction and sentence," stating that Daly pled no contest to and was guilty of an amended charge of disorderly conduct, in violation of R.C. 2917.11, a fourth-degree misdemeanor. The court imposed the same sentence that it previously had imposed. (We find nothing in the record to indicate that Daly, in fact, pled to disorderly conduct.)

**{¶ 14}** The next day (July 29), the trial court vacated its amended judgment of conviction and stated that its original March 12, 2020 judgment "stands as previously ordered."

**{¶ 15}** Daly now appeals from the trial court's July 28, 2021 entry permitting the amendment of the complaint and reaffirming its March 12, 2020 judgment, raising four assignments of error.

## II. Review of Trial Court's Actions on Remand

**{¶ 16}** In his first, second, and third assignments of error, Daly challenges the trial court's failure to dismiss the case pursuant to our remand in *Daly II*. We summarize his assignments of error as: (1) the trial court lacked jurisdiction to take action in the case due to the invalid complaint, (2) the trial court's consideration of the State's Crim.R. 7(D) motion was outside of the scope of this appellate court's mandate and the motion was improperly granted, and (3) having allowed the amendment of the complaint, the trial court's entry of judgment without a new plea and sentencing hearing violated his due process rights. We will address these arguments together.

### A. Scope of Our Appellate Mandate

{¶ 17} The trial court's duty to follow the mandates of a reviewing court stems from the law of the case doctrine. That doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.) *Id.*; *see Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 14; *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15.

{¶ 18} The law of the case doctrine "functions to compel trial courts to follow the mandates of reviewing courts." *Nolan* at 3. "When an appellate court issues a decision that reverses a judgment or order of a trial court, the appellate court issues a mandate to the trial court to act in conformity with the ruling on appeal." *L.G. Harris Family Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C.*, 2d Dist. Montgomery No. 26682, 2016-Ohio-7242, ¶ 23, quoting *Bridge v. Park Natl. Bank*, 169 Ohio App.3d 384, 2006-Ohio-5691, 863 N.E.2d 180, ¶ 18 (10th Dist.). The appellate court's mandate "is not a mere suggestion or request[;] it is a command or order which the issuing court has authority to give, and the receiving court is bound to obey. It directs what action is to be taken." *Id.*, quoting *First Bank of Marietta v. Roslovic & Partners, Inc.*, 138 Ohio App.3d 533, 539, 741 N.E.2d 917 (10th Dist.2000).

{¶ 19} "Absent extraordinary circumstances, such as an intervening decision by

the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus. Additionally, "the trial court is without authority to extend or vary the mandate given." *Id*. at 4.

{¶ 20} In *Daly II*, Daly challenged the validity of the complaint in this case (Case No. 2019-CRB-734E) on the ground that it had not been properly sworn.

{¶ 21} A complaint is "a written statement of the essential facts constituting the offense charged." Crim.R. 3. Complaints also must state the numerical designation of the applicable statute or ordinance and be "made upon oath before any person authorized by law to administer oaths." *Id*. The filing of a valid complaint invokes the jurisdiction of a municipal court. *E.g., State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 12; *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 4.

{¶ 22} We stated in *Daly II* that the filing of an unsworn complaint is a jurisdictional defect that cannot be waived by the parties. *Daly*, 2d Dist. Montgomery Nos. 28741 & 28764, 2021-Ohio-873, at ¶ 14, citing *Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, at ¶ 12. Upon review of the record, we agreed with Daly that the complaint was not properly signed and sworn, but we noted that the transcript of the plea hearing suggested that a separate sworn jurat might exist. *Id*. at ¶ 12-13. In our opinion, we instructed the court, upon remand, "to determine if there were a properly signed and notarized complaint. If the unsworn complaint in the record is all that exists, as we suspect, the court must find the complaint defective and dismiss the case for lack of jurisdiction * * *." *Id*. at ¶ 14. Our judgment entry reversed and remanded for "further proceedings consistent with this opinion."

{¶ 23} Although our judgment entry used broad language that allowed the trial court to act "consistent with our opinion," our opinion made clear that the scope of the mandate was limited to one task: to review the record and ascertain if there were a properly sworn complaint, as required by Crim.R. 3. If only the unsworn complaint existed, the trial court was to dismiss the case.

{¶ 24} On remand, the trial court did not address whether the complaint filed on July 30, 2019, was properly sworn. (We infer from the State's filing of an amended complaint and motion to amend the complaint that it was not.) Instead, the trial court considered and granted the State's motion to amend the complaint pursuant to Crim.R. 7(D). In doing so, the trial court both failed to comply with our mandate and acted beyond the scope of the mandate.

{¶ 25} On the record before us, on remand, the trial court should have dismissed the case on the ground that the complaint was not made upon oath before any person authorized by law to administer oaths, as required by Crim.R. 3.

**B. Motion to Amend the Complaint**

{¶ 26} Next, Daly argues that the trial court erred in granting the State's motion to amend the complaint pursuant to Crim.R. 7(D). He further contends that, having granted the motion, the trial court violated his right to due process by reaffirming the previous judgment of conviction without further proceedings. Assuming, for the sake of argument, that our mandate permitted the trial court to entertain the State's motion to amend the complaint, we agree with Daly that the trial court abused its discretion in granting the motion and in reaffirming its March 12, 2020 judgment of conviction.

{¶ 27} Crim.R. 7(D) authorizes the trial court – at any time before, during, or after

a trial – to amend a complaint in respect to "any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."  The Rule further specifies certain procedures when an amendment is allowed, stating:

> If any amendment is made to the substance of the * * * complaint, or to cure a variance between the * * * complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.  Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended * * * complaint.  No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted.

{¶ 28} "If, as in this case, the amendment does not change the name or identity of the crime charged, we apply an abuse of discretion standard to review the trial court's decision to allow a Crim.R. 7(D) amendment."  (Citations omitted.) *State v. Frazier*, 2d Dist. Clark No. 2008-CA-118, 2010-Ohio-1507, ¶ 23.  In general, a trial court abuses its

discretion "when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. However, if the trial court committed a legal error in its ruling, "that ruling necessarily constitutes an abuse of discretion, since the trial court had no discretion to commit a legal error." *State v. Poirier*, 2d Dist. Montgomery No. 28849, 2021-Ohio-1743, ¶ 20, quoting *State v. Pierce*, 2011-Ohio-4873, 968 N.E.2d 1019, ¶ 72 (2d Dist.).

{¶ 29} In its appellate brief, the State agrees that the complaint was not notarized and therefore defective, but it claims that the lack of notarization constitutes a defect or imperfection in form within the meaning of Crim.R. 7(D). The State notes that the only proposed amendment was the inclusion of an executed jurat, and it asserts, without supporting authority, that such an amendment "is expressly permitted by Crim.R. 7(D)."

{¶ 30} We disagree with the State that the lack of an executed jurat constitutes a "defect, imperfection, or omission" that may be remedied by way of a Crim.R. 7(D) motion. While not expressly stated, Crim.R. 7(D) necessarily presupposes the existence of a valid complaint that properly invokes the municipal court's jurisdiction. This interpretation is consistent with the principle that subject matter jurisdiction cannot be waived or forfeited and can be raised at any time. It is also consistent with Crim.R. 12(C)(2), which requires defenses and objections based on defects in the complaint to be raised before trial, except for "failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding."

{¶ 31} In this case, the defect in the July 30, 2019 complaint was a jurisdictional defect; it was not a defect merely in form or substance. The fact that Daly may not have been misled or prejudiced by the defect or that "no failure of justice resulted," as the trial

court found, is of no legal import in this circumstance. Because the defect was jurisdictional, the State's remedy was to file a new valid complaint. The trial court abused its discretion in permitting the State to file an amended complaint instead.

{¶ 32} Moreover, even if we were to interpret the amended complaint as a new valid complaint, the trial court did not properly reaffirm its prior March 12, 2020 judgment. Because the July 30, 2019 complaint did not invoke the municipal court's subject matter jurisdiction, the proceedings that occurred before the filing of a valid complaint were void. The filing of a new valid complaint in April 2021 would have invoked the municipal court's jurisdiction as of the date of its filing, not retroactively. At that juncture, the matter should have proceeded as a new case in accordance with the Rules of Criminal Procedure.

{¶ 33} Daly's first, second, and third assignments of error are sustained.

### III. Daly's Motion for Sanctions

{¶ 34} In his fourth assignment of error, Daly claims that the trial court erred in failing to address his pending motion, specifically his April 26, 2021 motion for sanctions against the city prosecutor who had filed the motion to amend the complaint.

{¶ 35} In his motion, Daly alleged that the prosecutor engaged in malicious conduct, improperly sought to amend the complaint, improperly participated in the case despite a conflict of interest, and made personal attacks against him. Daly asked the trial court to (1) order the prosecutor to cease filing frivolous motions and seeking to amend the criminal complaint and (2) admonish the prosecutor that a valid complaint is a prerequisite for invoking the municipal court's subject matter jurisdiction, and that he cannot disregard the appellate court's mandate, and (3) order the prosecutor to show cause why he should not be held in contempt "if he continues to ignore the law, file

frivolous motions and make up law and interpret the law contrary to specific rules and procedures * * *."

**{¶ 36}** The prosecutor responded that the State's motion to file an amended complaint was proper under Crim.R. 7(D) and was not frivolous. He further contended that sanctions under Civ.R. 11 are appropriate only when there is evidence of a willful violation of the Rule. (The prosecutor asserted that the principles of Civ.R. 11 applied to criminal proceedings, as well.) In addition, the prosecutor strongly disputed Daly's factual allegations against him.

**{¶ 37}** The trial court did not file a separate entry addressing Daly's motion, but the court implicitly overruled the motion when it granted the State's motion to amend the complaint and reaffirmed its prior judgment of conviction. Although we hold in this appeal that the trial court erred in granting the State's motion to amend the complaint, we nevertheless conclude that Daly's motion for sanctions is moot, given the relief that he requested and our disposition of this appeal.

**{¶ 38}** Daly's fourth assignment of error is overruled.

### IV. Conclusion

**{¶ 39}** The trial court's judgment will be reversed, and the matter will be remanded for the trial court to file an order dismissing the case.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Peter R. Certo, Jr.

William T. Daly
Hon. William C. Cox